Dear Mayor Morial:
We are writing to clarify Attorney General Opinion No. 01-71, with regard to a pre-1974 home rule charter government, such as the City of New Orleans.
Under the Louisiana Constitution, home rule charter governments, such as the City of New Orleans, are granted extensive self-governing authority free from interference from state legislation, except when limited by the Constitution and the police powers of the state. LSA-Const. Art. VI, Sec. 4 and Sec. 9 (1974). See, City of New Orleans v. Board of Commissioners of theOrleans Levee District, 93-0690 (La. 7/5/94), 640 So.2d 237.
LSA-Const. Art. VI, Sec. 4, provides:
 Section 4. Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions. (Emphasis added).
Article IX, Chapter 2, of the Home Rule Charter of the City of New Orleans specifically provides for the method of amending the charter, allowing for a petition process. Although the charter does not require any formality of the petition process, it does require a petition of not less than ten percent or ten thousand, whichever is fewer, of the duly qualified registered voters of the City to be filed with the Council.
Although we concluded in Attorney General Opinion No. 01-71 that signatures which have been gathered via the United States mail would not be in conformity with the provisions of R.S. 18:3, the matter herein is distinguishable. First, LSA-R.S. 18:3 applies toevery petition submitted to a registrar of voters forcertification. Under the specific provisions of the Home Rule Charter of the City of New Orleans, the petition to amend the home rule charter is submitted to the Council, not the registrar of voters, and the charter does not specifically require certification by the registrar. Thus, even though the Council may have the registrar determine if in fact the signers on the petition are registered voters, it is the Council who would determine if the petition is in compliance with the home rule charter. Second, a pre-1974 home rule charter government is not subject to the general laws of the state, unless it is a law enacted pursuant to the police powers of the state. LSA-R.S. 18:3
is a general law which does not affect the police powers of the state, i.e., the health, welfare or safety of the general public.
In sum, as long as a petition to amend the home rule charter of the City of New Orleans is in conformity with the charter, which is that the Council can ascertain that ten percent or ten thousand qualified registered voters signed the petition, then same is a valid petition. The technicalities of how signatures are gathered is irrelevant, unless and until the home rule charter provides otherwise.
We hope this opinion clarifies the matter. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
RPI/ARL